UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL MORALES,<br><br>    Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:15-cv-1822 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the ALJ's treatment of the medical opinion evidence, plaintiff's subjective testimony, and the ALJ's residual functional capacity determination constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for the payment of benefits.

PROCEDURAL BACKGROUND

On March 21, 2012, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 10.)

1

January 1, 2004. (Transcript ("Tr.") at 28, 174-83.) Plaintiff's application was denied initially, (id. at 100-05), and upon reconsideration. (Id. at 113-17.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") in December of 2013. (Id. at 28, 46-67.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 46-47.) In a decision issued on February 28, 2014, the ALJ found that plaintiff was not disabled. (Id. at 41.) The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since March 21, 2012, the application date (20 CFR 416.971 *et seq.*).
>
> 2. The claimant has the following severe impairments: mild L5-S1 degenerative disc disease (DDD), hearing loss, moderate, recurrent, major depressive disorder, and posttraumatic stress disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except avoid concentrated exposure to noise and mentally limited to simple routine tasks with no public contact.
>
> 5. The claimant has no past relevant work (20 CFR 416.965).
>
> 6. The claimant was born on June 1, 1967 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since March 21, 2012, the date the application was filed (20 CFR 416.920(g)).

(Id. at 30-41.)

On June 30, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's February 28, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 28, 2015. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following three principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ's treatment of plaintiff's subjective testimony constituted error; and (3) the ALJ erred in determining plaintiff's residual functional capacity.[2] (Pl.'s MSJ (ECF No. 19) at 12-20.[3])

**I.   Medical Opinion Evidence**

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion

---

[2] The court has reordered plaintiff's claims for purposes of clarity and efficiency.
[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

of either an examining physician or a treating physician." (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of opinion offered by plaintiff's treating physician, Dr. Eduardo R. Morales.[4]  (Pl.'s MSJ (ECF No. 19) at 13-15.)  In this regard, Dr. Morales opined on May 30, 2013, that plaintiff had "a permanent, chronic, Mental Health Condition which [was] so impairing that he [was] not able to work." (Tr. at 576.)  Dr. Morales expected the "condition to be impairing for the period of time from 5/30/13 to 5/30/14."  (Id.)

The ALJ's decision failed to mention Dr. Morales by name, instead referring to his opinion as "the Parole Outpatient Clinic opinion," which the ALJ afforded "minimal weight." (Id. at 39.)  In this regard, the ALJ found Dr. Morales' opinion "inconsistent with the SA [nonexamining State Agency physician] determinations and mental CE [Consultative Examination] opinions" that found plaintiff could perform unskilled work.  (Id.)

> Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.  In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.

Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted); see also Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions.  He must set forth

---

[4] It appears Dr. Morales was a Psychiatrist.  "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(c)(5).

5

1  his own interpretations and explain why they, rather than the doctors', are correct.").[5]

2  The ALJ's decision went on to state:

> Additionally, the parole chart notes indicated he experienced some improvement with medications, was seen primarily by an LCSW [Licensed Clinical Social Worker] and did not require a psychiatric hospitalization or any 5150 mental health admissions. His non-mental health treating sources contained no mental clinical findings, psychiatrist examinations were normal, and contained no evidence of suicidal ideations.[6] No mental difficulties were perceived when he filed his application, and there was no evidence the claimant underwent intensive individual therapy. Finally, no mental problems were noted during the internal medicine CE, and the claimant did not allege depression or anxiety in identifying his complaints.

(Tr. at 39.) None of these reasons, however, are specific and legitimate reasons supported by substantial evidence in the record to reject Dr. Morales' opinion.

In this regard, that plaintiff experienced "some improvement with medications" does not speak to Dr. Morales' opinion. Improvement with treatment is to be expected. The mere occurrence of "some improvement," does not undermine a treating physician's opinion that their patient's impairments render him unable to work. Nor does the fact that plaintiff's treatment included counseling from a social worker, as those with mental impairments are often treated with counseling.

Similarly, that plaintiff was not psychiatrically hospitalized does not mean that he did not have a mental health impairment that prevented him from working. A claimant may suffer from mental health impairments that prevent him from working but do not require psychiatric hospitalization. Nor does the fact that providers unrelated to plaintiff's mental health treatment did not perceive his mental health impairments, or that plaintiff only discussed his mental health impairments with those providing his mental health care in any way undermine Dr. Morales' opinion.

---

[5] Moreover, "'[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of . . . a treating physician.'" Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) (quoting Lester, 81 F.3d at 831).

[6] A September 16, 2013 treatment note reflected that plaintiff experienced "recent SI [Suicidal Ideation]." (Tr. at 565.)

6

Moreover, Dr. Morales' opinion was supported by plaintiff's treatment notes. In this regard, a May 2, 2013 mental status examination noted that plaintiff's concentration was "Impaired," his demeanor was "sad," his energy was low, anxiety high, plaintiff's affect was "Constricted," and his thoughts were racing. (Id. at 543.) May 30, 2013, and June 6, 2013, mental status examinations were similar, but also found that plaintiff's insight and judgement were "Impaired." (Id. at 574, 576.) Each of these treatment notes reflects that Dr. Morales was asked if plaintiff was able to work full time or with a modified work schedule, and each time Dr. Morales answered "No."[7] (Id. at 543, 575, 576.)

For the reasons stated above, the court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinion of Dr. Morales. Accordingly, plaintiff is entitled to summary judgment on his claim that the ALJ's treatment of the medical opinion evidence constituted error.

## II. Subjective Testimony

Plaintiff also argues that the ALJ's treatment of plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 19) at 18-20.)

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

---

[7] It appears Dr. Morales also examined plaintiff on October 17, 2013, with nearly identical results. (Tr. at 561-62.)

1  Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks
2  omitted). "The clear and convincing standard is the most demanding required in Social Security
3  cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At
4  the same time, the ALJ is not required to believe every allegation of disabling pain, or else
5  disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112
6  (9th Cir. 2012).

7      "The ALJ must specifically identify what testimony is credible and what testimony
8  undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574
9  F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595,
10  599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other
11  things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's]
12  testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work
13  record, and testimony from physicians and third parties concerning the nature, severity, and effect
14  of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59
15  (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792
16  (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the
17  record, the court "may not engage in second-guessing." Id.

18      Here, the ALJ found that plaintiff's medically determinable impairments "could
19  reasonably be expected to cause the alleged symptoms," but that plaintiff's "statements
20  concerning the intensity, persistence and limiting effects" were "not entirely credible for the
21  reasons explained in [the] decision." (Tr. at 33.) The ALJ's decision then proceeded to generally
22  discuss much of the evidence of record before "considering the claimant's subjective complaints .
23  . . ." (Id. at 36.)

24      The ALJ went on to find that "[c]oncerning his mental complaints . . . the evidence failed
25  to support them in full as described above and at the hearing because SA determined he could
26  perform simple routine tasks with limited public contact." (Id. at 38.) The ALJ ultimately
27  concluded by stating that "[c]learly, the evidence fails to show that [plaintiff's] mental complaints
28  and impairments were disabling and based upon the preceding factors, his mental complaints

were found partially credible." (Id. at 39.)

The ALJ's analysis, however, is erroneous in several respects. First, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Second, as noted above, the ALJ erred in rejecting the opinion of plaintiff's treating physician. It was the opinion of plaintiff's treating physician, Dr. Morales, that plaintiff suffered from a "permanent, chronic, Mental Health Condition which [was] so impairing that he [was] not able to work." (Tr. at 576.) The opinion of Dr. Morales, and his treatment notes, are consistent with plaintiff's testimony.

Third, as was true of the treating physician opinion, the ALJ invalidly relied on the fact that the record failed to contain evidence that plaintiff's "mental status was of such severity that he required psychiatric hospitalization or intensive individual therapy with a psychiatrist or psychologist." (Id. at 38.) That plaintiff had not experienced psychiatric hospitalization is neither a clear and convincing nor specific and legitimate reason to discredit his testimony.

Moreover, the ALJ's decision acknowledged that plaintiff was receiving individual therapy from a LCSW. That plaintiff's therapist was not a psychiatrist or psychologist is also not a legitimate reason to find him not credible. Many patients with severe mental impairments do not undergo any individual therapy. Here, plaintiff was being treated, apparently by a psychiatrist, with medications and was undergoing individual therapy. There is nothing inconsistent about that level of treatment and plaintiff's testimony.

////

////

However, even assuming arguendo that plaintiff's level of treatment and the severity of his mental complaints were inconsistent, the Ninth Circuit has

> . . . particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'

Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1299-300 (9th Cir. 1999) (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Fourth, the ALJ's decision relied on select treatment notes stating that plaintiff was "functioning adequately," "everything was okay," that plaintiff "was assessed as being psychiatrically stable for continued outpatient treatment," and that his "medications appeared to be helpful." (Tr. at 38.) The Ninth Circuit has explained that:

> … it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment. Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.

Garrison, 759 F.3d at 1017.

It appears that the ALJ also attempted to support the rejection of plaintiff's testimony by referring to plaintiff's activities of daily living. In this regard, the ALJ's decision states that plaintiff's "daily activities included taking daily walks," that plaintiff reported having "no problems getting along with family, friends, neighbors, or others," and that plaintiff "did not need help with personal care, hygiene or upkeep of a home." (Tr. at 38.)

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012); see also Garrison, 759 F.3d at 1016 ("The ability to talk on the phone, prepare meals once or twice a day, occasionally clean one's room, and, with significant assistance, care for one's daughter, all while taking frequent hours-long

rests, avoiding any heavy lifting, and lying in bed most of the day, is consistent with the pain that Garrison described in her testimony.  It is also consistent with an inability to function in a workplace environment."); Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) ("to find Howard's claim of disability gainsaid by his capacity to engage in periodic restricted travel, as the Council seems to have done, trivializes the importance that we consistently have ascribed to pain testimony").

For the reasons stated above, the court finds that the ALJ failed to offer specific, clear, and convincing reasons for rejecting plaintiff's testimony.  Accordingly, plaintiff is also entitled to summary judgment on his claim that the ALJ's treatment of his subjective testimony constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[8]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin.., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand

---

[8] In light of the remand for payment of benefits required by the resolution of the two claims addressed above, the court need not address plaintiff's third claim for relief.

11

the case to the agency.").

Here, the record has been fully developed and further administrative proceedings would serve no useful purpose. In this regard, the record includes multiple medical opinions, medical evidence, plaintiff's testimony, and the testimony of a vocational expert. As discussed above, the ALJ has failed to provide legally sufficient reasons for rejecting evidence. And if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. In this regard, Dr. Morales' opinion and plaintiff's testimony establish that plaintiff was disabled as of May 30, 2013. Moreover, the record as a whole does not create serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 23) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for the immediate award of benefits[9]; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: March 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\morales1822.ord

---

[9] On remand, the Commissioner may elect to award plaintiff benefits from May 30, 2013, the date of Dr. Morales' opinion.