PHILLIP A. TALBERT
United States Attorney
DEBORAH LEE STACHEL, CSBN 230138
Regional Chief Counsel, Region IX
Social Security Administration
C. HAY-MIE CHO, CSBN 282259
Special Assistant United States Attorney
  160 Spear Street, Suite 800
  San Francisco, California 94105
  Telephone: (415) 268-5610
  Facsimile: (415) 744-0134
  E-Mail: haymie.cho@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| MIGUEL A. MORALES,<br><br>  Plaintiff,<br><br>  vs.<br><br>NANCY A. BERRYHILL,[1]<br>Acting Commissioner of Social Security,<br><br>  Defendant. | No. 2:15-cv-1822-DB<br><br>STIPULATION AND ORDER AWARDING ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FOUR THOUSAND EIGHT HUNDRED DOLLARS AND 00 CENTS ($4,800.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. §2412(d).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to *Astrue v. Ratliff*, 130 S.Ct 2521 (2010), the ability to honor the assignment will depend on whether the fees or expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Dated: June 29, 2017 By: */s/ Bess M. Brewer*
*(As authorized via e-mail)*
BESS M. BREWER
Attorney for Plaintiff

BRIAN STRETCH
United States Attorney

Dated: June 29, 2017 By: */s/ C. Hay-Mie Cho*
C. HAY-MIE CHO
Special Assistant United States Attorney

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.[2]

Dated: July 4, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\morales1822.stip.eaja.ord

---

[2] In light of the parties' stipulation, plaintiff's June 5, 2017 motion for EAJA fees (ECF No. 26) is denied without prejudice as having been rendered moot.